Ex. 2

CC19390

Filed 4/5/2017 9:18:39 AM
Ross Bush
District Clerk
Midland County, Texas

CAUSE NO. CC19390

| | | |
|---|---|---|
| FABIANA TORRES, | § | |
|     *Plaintiff,* | § | **IN THE COUNTY COURT** |
| V. | § | **AT LAW OF** |
| LIBERTY MUTUAL INSURANCE COMPANY | § | **MIDLAND COUNTY, TEXAS** |
|     *Defendant.* | § | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FABIANA TORRES ("Torres"), Plaintiff, complaining of LIBERTY MUTUAL INSURANCE COMPANY ("Liberty"), Defendant, and for cause of action respectfully shows the Court the following:

#### I. RULE 190.3 DISCOVERY STATEMENT

Pursuant to *Texas Rule of Civil Procedure* 190.3, Plaintiff hereby gives notice that discovery is intended to be conducted under Level 2.

#### II. PARTIES

Plaintiff is an individual who resides in Midland, Midland County, Texas. The last three digits of Plaintiff's driver's license number are 968. The last three digits of Plaintiff's Social Security number are 812.

Defendant, LIBERTY MUTUAL INSURANCE COMPANY, is a foreign insurance company organized under the Laws of the State of Massachusetts, and engaging in the business of insurance in the State of Texas under Texas Department of Insurance license number 47950. It may be served with process by the clerk of the court by certified mail return receipt requested by serving its registered agent: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.**

#### III. MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," or such parties are "alter egos" of parties named. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV. VENUE

Venue of this lawsuit is proper in Midland County, Texas, pursuant to *Texas Civil Practices and Remedies Code* § 15.002(a)(1), in that all or a substantial part of the events giving rise to this cause of action occurred in Midland County, Texas.

## V. FACTS

On November 30, 2015, Plaintiff traveled northbound on the left lane of 500 N. Big Spring Street in Midland County, Texas and stopped for traffic behind a vehicle operated by Brianna Guzman. At the same time, Crystal Romero ("**Romero**") was traveling behind Plaintiff. Suddenly, recklessly, and without warning, Romero failed to control her speed and failed to maintain an assured clear distance between her vehicle and that of Plaintiff, striking the latter. (generally, the "**Incident**"). As a result, Plaintiff suffered injuries and damages, more specifically described below.

At the time of the Incident, Plaintiff was the beneficiary insured under a policy of insurance with Liberty, which policy contained provisions to provide for damages caused by an uninsured motorist ("**UM**"). Plaintiff is entitled to the benefits and coverage of that UM policy.

Despite Plaintiff's compliance with the terms and provisions of the policy and the law, Defendant has failed its contractual obligations, acted in bad faith, and refused to fully pay benefits due under the UM policy provisions in question.

## VI. CAUSES OF ACTION

### A. *Deceptive Trade Practices Act Claim* —Texas Business & Commerce Code

Plaintiff is a consumer under the DECEPTIVE TRADE PRACTICES ACT (the "**DTPA**") because Plaintiff was the beneficiary of an automobile policy from the Defendant. This claim is brought pursuant to the *Texas Business & Commerce Code* §§ 17.45, *et. seq*. Plaintiff relies upon and incorporates by reference the foregoing. The conduct of the Defendant described in the preceding paragraphs was a producing and proximate cause of actual damage to Plaintiff in that:

1. Defendant represented that the policy in question had sponsorship, approval, characteristics, uses or benefits which it did not have;
2. Defendant represented that the contract of insurance and agreement conferred or involved rights, remedies or obligations, which it did not have, confer or involve; and
3. Defendant failed to disclose the true condition of the policy in question and its benefits, which was known to Defendant at the time and on the occasion in question, intending thereby to induce the consummation of the transaction in question, which would not have otherwise occurred, had the true condition of the policy and benefits been disclosed.

These material misrepresentations and omissions were made by Defendant knowingly and with intent, and in such manner that they were reasonably relied upon by Plaintiff. As such, these misrepresentations and omissions violated the DTPA. The reasonable reliance upon Defendant's representations/omissions was a producing cause of the damages suffered by the Plaintiff. Thus, Plaintiff is entitled to all damages available, including treble damages and attorney's fees, under the relevant provisions of the DTPA.

### B. *Deceptive Trade Practices Act Knowing or Unconscionable Conduct*

Further, the conduct of Defendant was an unconscionable action or course of action, as defined in DTPA § 17.45(5), because it took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree.

Alternatively, the conduct of Defendant resulted in a gross disparity between the value received and consideration paid in a transaction involving transfer of consideration.

Moreover, Defendant's unconscionable actions or course of action was the producing cause of Plaintiff's damages.

### C. *Unfair Settlement Practices & Deceptive Trade Practices Act Claim*—Texas Insurance Code

Defendant violated Section 541.061 of the *Texas Insurance Code* by committing the following unfair or deceptive acts or practices in the business of insurance to misrepresent an insurance policy by:

1. Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue, a *per se* violation of TEX. INS. CODE § 541.060(a)(1) and 28 TEX. ADMIN. CODE § 21.203(1);
2. Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;
3. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;
4. Making a material misstatement of law;
5. Failing to disclose a matter required by law to be disclosed.
6. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear, a *per se* violation of TEX. INS. CODE § 541.060(a)(2)(A) and 28 TEX. ADMIN. CODE § 21.203(4);
7. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim, a *per se* violation of TEX. INS. CODE § 541.060(a)(3) and 28 TEX. ADMIN. CODE § 21.203(9);

8. Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder, a *per se* violation of TEX. INS. CODE § 541.060(a)(4)(A) and 28 TEX. ADMIN. CODE § 21.203(10);

9. Refusing to pay a claim without conducting a reasonable investigation, a *per se* violation of TEX. INS. CODE § 541.060(a)(7) and 28 TEX. ADMIN. CODE § 21.203(15); and

10. Violating the Prompt Payment of Claims statute, a *per se* violation of 28 TEX. ADMIN. CODE § 21.203(18).

The acts or omissions, which were committed in a malicious, intentional, fraudulent, or grossly negligent manner, gave rise to damages suffered by Plaintiff.

### D. *Common Law Fraud*

Defendant made false representations about material facts upon which the Plaintiff relied. These representations were made knowing they were false, or in the alternative, they were made recklessly and as a positive assertion without knowledge of whether they were true or false, and Plaintiff relied on these misrepresentations. As a result, the conduct of the Defendant constitutes common law fraud, and is a proximate cause of the damages to the Plaintiff.

## VII. DAMAGES

### A. *Bodily Injury Damages*

Plaintiff would show that as a proximate cause of the acts or omissions committed by Romero, Plaintiff is entitled to recover at least the following legal damages:

1. Medical, hospital and pharmaceutical expenses incurred in the past;
2. Medical, hospital and pharmaceutical expenses, which in all reasonable probability will be incurred in the future;
3. Physical pain and suffering in the past;
4. Physical pain and suffering, which in all reasonable probability will be suffered in the future;
5. Mental anguish suffered in the past;
6. Mental anguish, which in all reasonable probability will be suffered in the future;
7. Physical impairment in the past;
8. Physical impairment, which in all reasonable probability will be suffered in the future;
9. Disfigurement in the past; and
10. Disfigurement, which in all reasonable probability will be suffered in the future.

Based on the above-enumerated damages, Plaintiff pleads for these damages in an amount the jury deems reasonable under the circumstances, which exceed the minimum jurisdictional limits of the court.

### B. *Mental Anguish Damages—Deceptive Trade Practices Act*

Defendant's conduct was a producing cause of mental anguish suffered by Plaintiff, for which Plaintiff is further entitled to recover damages. Defendant's conduct was committed:

1. Knowingly, because at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to Plaintiff's claim; or
2. Intentionally, because at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to Plaintiff's claim and acted with a specific intent that Plaintiff act in detrimental reliance on or in detrimental ignorance of, the falsity, deception or unfairness of the acts or practices complained of by Plaintiff.

### C. *Punitive Damages*

Furthermore, Plaintiff asserts that the acts or omissions of the Defendant alleged were malicious, intentional, fraudulent, or grossly negligent. Therefore, Plaintiff sues for punitive damages in an amount in excess of the minimal jurisdictional limits.

### D. *Treble Damages*

Because Defendant acted knowingly or intentionally, Plaintiff is entitled to recover treble damages under THE TEXAS DECEPTIVE TRADE PRACTICES ACT, *Texas Business & Commerce Code* § 17.50(b)(1).

Furthermore, under *Texas Insurance Code* § 541.152(b), Plaintiff is also entitled to treble damages.

### VIII. ATTORNEYS' FEES

As a result of Defendant's conduct, as described in this petition, and the resulting damage and loss to Plaintiff, Plaintiff seeks all reasonable and necessary attorneys' fees in this case under *Texas Insurance Code* §§ 541.152, 1952.157.

### IX. PRE-EXISTING INJURY

In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease, or condition at the time of the incident made the basis of the lawsuit, then such injury, disease, or condition was aggravated or exacerbated by the negligence of Romero.

## X. SUBSEQUENT INJURY

In the alternative, if it be shown that the Plaintiff suffered from any subsequent injury, disease, or condition, then such injury, disease, or condition aggravated or exacerbated the injuries, diseases, or conditions proximately caused by the negligence of Romero.

## XI. JURY DEMAND

Plaintiff hereby demands a trial by jury.

## XII. RULE 47 STATEMENT

Under *Texas Rule of Civil Procedure* 47, at this time, the total damages sought by the Plaintiff are only monetary relief of $100,000.00 to $200,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## XIII. U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as published by the Department of Health and Human Services in the trial of this matter.

## XIV. REQUEST FOR DISCLOSURE

Under *Texas Rule of Civil Procedure* 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## XV. PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays Defendant be cited to appear and answer, and that upon a final hearing, a Judgment be rendered for Plaintiff against Defendant for damages in an amount that exceeds $100,000, but of course defers to the jury to award damages in an amount the jury deems reasonable under the circumstances, which exceed the minimum jurisdictional limits of the Court. Further, Plaintiff pleads for all costs of court, pre-judgment interest, post-judgment interest, attorney's fees, treble damages, and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE MALHOTRA LAW FIRM
319 N. Grant Avenue
Odessa, Texas 79761
P: 432.580.4878

By: *Rachel Ambler*

Rachel Ambler, State Bar No. 24081954
*Rachel@TheMalhotraLawFirm.com*
ATTORNEYS FOR PLAINTIFF

ROSS BUSH
DISTRICT CLERK
SUITE 300
500 N. LORAINE STREET
MIDLAND, TEXAS 79701

CERTIFIED MAIL

FIRST CLASS US POSTAGE PITNEY BOWES
$07.29
2017

9414 7266 9904 2961 1237 31
RETURN RECEIPT REQUESTED

LIBERTY MUTUAL INSURANCE COMPANY
REG AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN, TEXAS 78701-3218
CC19390/AC

CITATION BY MAILING

**CLERK OF THE COURT**
Ross Bush, District Clerk
500 N. Loraine Street, Suite 300
Midland, Texas 79701

**ATTORNEY REQUESTING SERVICE**
RACHEL AMBLER
319 N. GRANT AVE
ODESSA TX 79761

**THE STATE OF TEXAS**

NOTICE TO LIBERTY MUTUAL INSURANCE COMPANY:

"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: LIBERTY MUTUAL INSURANCE COMPANY,

**GREETINGS**: You are commanded to appear by filing a written answer to the petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the **COUNTY COURT AT LAW** of Midland County, Texas, at the Courthouse in Midland, Texas.

Said petition was filed on: **April 5th, 2017**

The file number of said suit being: **CC19390**

The style of the case is:

**FABIANA TORRES**

**V.**

**LIBERTY MUTUAL INSURANCE COMPANY**

A copy of **PLAINTIFF'S ORIGINAL PETITION** accompanies this citation.

*ISSUED AND GIVEN UNDER MY HAND AND SEAL* OF SAID COURT, at office in Midland, Texas, on April 06th, 2017.

ROSS BUSH
DISTRICT CLERK
MIDLAND COUNTY TEXAS

By: _____
ABENY CHAVEZ, Deputy

The file number of said suit being **CC19390**

**COUNTY COURT AT LAW**

The style of the case is:
**FABIANA TORRES**
**V.**
**LIBERTY MUTUAL INSURANCE COMPANY**

### CERTIFICATE OF DELIVERY BY MAIL

CAME TO HAND on April 06th, 2017, and executed by mailing to the Defendant certified mail, return receipt requested with restricted delivery a true and correct copy of this citation in cause **CC19390** together with an attached copy of **PLAINTIFF'S ORIGINAL PETITION**, to the following address:

LIBERTY MUTUAL INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN, TEXAS 78701-3218

☐ Citation and attached copy of **PLAINTIFF'S ORIGINAL PETITION** was delivered to defendant on _____ by certified mail, return receipt requested with restricted delivery as is evidenced by the return receipt incorporated herein and attached hereto.

☐ Citation was not executed, see attached.

To certify which witness my hand officially, **ROSS BUSH**, District Clerk of Midland County, Texas.

By:_____, Deputy

CC19390

CAUSE NO. CC19390

| FABIANA TORRES, | § | IN THE COUNTY COURT |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW OF |
| | § | |
| LIBERTY MUTUAL INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | MIDLAND COUNTY, TEXAS |

## DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S ORIGINAL ANSWER AND REQUESTS FOR DISCLOSURE

To the Honorable K. Kyle Peeler:

Comes now Defendant Liberty Mutual Insurance Company and files its Original Answer to Plaintiffs' Original Petition, and for such Answer respectfully shows this Court the following:

### GENERAL DENIAL

1. Defendant Liberty Mutual Insurance Company, pursuant to Texas Rule of Civil Procedure 92, enters a general denial answer to the allegations as alleged and worded in Plaintiff's Original Petition and places the matters at issue.

### AFFIRMATIVE DEFENSES

2. To the extent that Plaintiff, any settling persons, and/or responsible third parties were negligent and their negligence was a proximate cause or contributed to cause the accident and/or injuries in question, Defendant Liberty Mutual Insurance Company hereby invokes the doctrine of comparative fault under applicable law, and request a determination of percentage of responsibility among the parties, settling persons, and/or responsible third parties. Defendant Liberty Mutual Insurance Company pleads any and all provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code applicable to this action.

3.     Defendant Liberty Mutual Insurance Company a also pleads and relies upon the legislative limitations on damages as set forth in any and all provisions of Chapter 41 of the Texas Civil Practice and Remedies Code.

4.     To the extent applicable, Plaintiff failed to mitigate damages.

5.     Defendant Liberty Mutual Insurance Company further pleads that any award of prejudgment interest must be governed and limited by the provisions of Chapter 304, Subchapter B of the Texas Finance Code.

6.     Defendant Liberty Mutual Insurance Company pleads that any exemplary damages, if plead and found, must be capped under applicable Texas law, and the Due Process Clause of the United States and Texas Constitutions.

7.     Defendant Liberty Mutual Insurance Company further pleads that any recovery for loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value, if plead and found must be limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. TEX. CIV. PRAC. & REM. CODE ANN. § 18.091(a).

8.     To the extent applicable, Plaintiff failed to comply with all conditions precedent to their right to recover under the subject insurance policy because it has not been determined that Plaintiff is legally entitled to recover from the operator of an uninsured and/or underinsured motor vehicle.

9.     Defendant Liberty Mutual Insurance Company further plead that Plaintiff is not entitled to prejudgment interest or attorney's fees because it has not been determined that Plaintiff is legally entitled to recover from the operator of an uninsured and/or underinsured motor vehicle.

10. Defendant Liberty Mutual Insurance Company asserts all terms, conditions, deductibles, limitations on coverage, and exclusions set out in the Policy.

11. Plaintiff cannot prevail on their extra-contractual claims unless and until they prove that Defendant Liberty Mutual Insurance Company has committed a material breach of the Policy, which Defendant specifically denies.

12. To the extent applicable, Defendant Liberty Mutual Insurance Company will assert its right to offset and credit for any indemnity amounts already paid to Plaintiff by either Defendant or third parties.

13. Defendant Liberty Mutual Insurance Company reserves the right to assert such other defenses as continuing investigation and discovery may reveal, and the right to amend or supplement this Answer at any time.

## JURY DEMAND

14. Defendant Liberty Mutual Insurance Company demands a trial by jury as to all issues triable by jury as a matter of right.

## REQUESTS FOR DISCLOSURE

15. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff Fabiana Torres is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Liberty Mutual Insurance Company prays for judgment in its favor, that Defendant Liberty Mutual Insurance Company recover its costs, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**RAY, MCCHRISTIAN & JEANS, P.C.**
5822 Cromo Drive
El Paso, Texas 79912
(915) 832-7200
(915) 832-7333 Fax
jray@rmjfirm.com
redwards@rmjfirm.com

May 1, 2017                              /s/ Jeff Ray
**JEFF RAY**
State Bar No. 16604400
**ROBERT LEE EDWARDS**
State Bar No. 24058290
*Attorneys for Liberty Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2017, this document was served via electronic mail to Rachel Ambler, *The Malhorta Law Firm*, 319 N. Grant Ave., Odessa, Texas 79761, Rachel@themalhortalawfirm.com.

/s/ Jeff Ray
Jeff Ray

4